# In the United States Court of Federal Claims

No. 17-934C
(Filed August 4, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *    *
                                   *
                                   *
MAIL TRANSPORTATION, INC.,         *
et al.,                            *
                                   *
              Plaintiffs,          *
                                   *
     v.                            *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * *  *
```

## ORDER

The American Postal Workers Union, AFL-CIO (APWU or the Union) has moved to intervene, pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims (RCFC), in this bid protest brought by eighteen contractors which deliver mail for the United States Postal Service (Postal Service). The plaintiffs seek to enjoin the Postal Service's contemplated termination of 110 contracts for the delivery of mail. The Postal Service intends to terminate these contracts because, as a result of labor dispute between it and the APWU, an arbitrator has ordered that 110 contract routes be in-sourced for mail delivery by Postal Service employees for a period of 4 years. The Union seeks to intervene to defend the implementation of its arbitration award.

Defendant does not oppose the motion for intervention. The plaintiffs object, however, arguing that the Union does not have a "legally protectable interest" entitling it to intervention as of right under RCFC 24(a)(2), because it is not an "interested party" under 28 U.S.C. § 1491(b), for purposes protesting the challenged procurement decision. Pls.' Opp'n to APWU's Mot. at 2 (citing *Am. Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1297 (Fed. Cir. 2001)). The plaintiffs also contend that defendant will adequately represent the Union's interest, further undermining the case for intervention. *Id*. at 3.

Under RCFC 24(a)(2), a movant must be permitted to intervene when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Federal Circuit has distilled these requirements into a four-part test for determining if intervention as of right is warranted under RCFC 24(a)(2). *See Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations*, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (citing *Am. Mar. Transp., Inc. v. United States¸*870 F.2d 1559, 1560–62 (Fed. Cir. 1989)). First, the request must be timely. *Id.* Second, the party seeking to intervene must have a legally protected interest in the subject of the litigation. *Id.* Third, the relationship of the litigation to the putative intervenor's interest must be "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id.* (citations and emphasis omitted). And finally, the would-be intervenor's interests must not be adequately protected by the other parties to the litigation. *Id.* In this case, the timeliness of the Union's motion is not disputed.

Although the plaintiffs are correct that the Union would not have standing to protest a Postal Service decision to contract out mail delivery services, that is irrelevant to the question of whether or not the Union claims an "interest relating to the property or transaction that is the subject of the action," RCFC 24(a)(2), which is legally protectable. Plainly, the Union has such an interest because it seeks, in substance, to prevent the award it received in arbitration from being obstructed by the issuance of an injunction. Nor can it be disputed that such an interest is legally protectable, as the APWU's arbitration award is enforceable in a United States District Court. *See* 9 U.S.C. § 9. Courts have recognized the right of unions to intervene in cases in which a remedy could interfere with their members' rights under a collective bargaining agreement, *see e.g. United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 400 (9th Cir. 2002); or with the union's ability to vindicate its rights through arbitration, *Taylor v. Sw. Bell Tel. Co.*, 251 F.3d 735, 741 (8th Cir. 2001).

Moreover, the standing to bring an action in the first instance is not required of a party seeking to intervene in that action. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 537–39 (1972) (permitting intervention by member of labor union in action that could only be initiated by Secretary of Labor). In the context of this case, it is particularly irrelevant that the Union could not have filed a bid protest in its own right because its only interest in this action is a defensive one, namely the preservation of its arbitration award. *Cf. Klamath Irr. Dist. v. United States,* 64 Fed. Cl. 328, 331 (2005) (granting intervention as of right to group of commercial fishermen claiming the right to use water at issue in a takings action).

The final requirement for intervention, the inadequate protection of the movant's rights by other parties, poses a "minimal" burden, *Trbovich*, 404 U.S. at 538 n.10, which is easily met in this case. Not only were defendant and the Union adverse parties in the arbitration proceedings, but their financial interests diverge to the extent that the plaintiffs are correct that mail service is less costly under their contracts.

Accordingly, the APWU's motion to intervene is **GRANTED**. The parties, including intervenor, shall file a joint status report on or by **Monday, August 7, 2017**, proposing a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge